UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JUAN FELIZ,

                                Plaintiff,

    -v-                                          9:17-CV-1294
                                                  (DNH/ATB)

VONDA JOHNSON, MD, Clinton Annex
Correctional Facility; AMBER LASHWAY,
Nurse Practitioner, Clinton Annex Correctional
Facility; and PAUL HARRIMAN, Nurse
Assistant, Clinton Annex Correctional Facility,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| JUAN FELIZ<br>Plaintiff pro se<br>16-A-4711<br>Greene Correctional Facility<br>P.O. Box 975<br>Coxsackie, NY 12051 | |
| HON. LETITIA JAMES<br>Attorney General for the State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, NY 12224 | KEITH J. STARLIN, ESQ.<br>Ass't Attorney General |

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

      Pro se plaintiff Juan Feliz brought this civil rights action pursuant to 42 U.S.C.

§ 1983. On June 6, 2019, Magistrate Judge Andrew T. Baxter advised by Report-

Recommendation that defendants' motion for summary judgment be granted and that the action be dismissed in its entirety without prejudice for failure to exhaust administrative remedies. Plaintiff timely filed objections to the Report-Recommendation along with a motion to amend his complaint.

In his objections, plaintiff advises that on February 13, 2019, "**after over fourteen (14) months**," the Central Office Review Committee ("CORC") finally issued its decision on grievance FKN-13836-17 pertaining to unaddressed medical needs and the alleged falsification of his medical records by staff at Clinton Correctional Facility. Pl.'s Obj. ¶ 8, ECF No. 35 (emphasis in original). In his motion to amend, he "concedes that he submitted the Complaint in this case at bar, prior to receiving the CORC decision." Feliz Decl., ¶ 3, ECF No. 36–1. Thus, he admits that he failed to exhaust administrative remedies prior to commencing suit in federal court. He nonetheless argues he may proceed because the grievance process was unavailable to him and he is therefore excused from exhausting. Plaintiff contends the grievance process was unavailable due to the fact that it "'operates as a simple dead end' because DOCCS CORC consistently fails to timely issue its decision in conformity with 7 NYCRR § 701.5(d)(3)(ii)." Pl.'s Obj. ¶ 11.

The Supreme Court identified three circumstances where administrative remedies may be unavailable to a prisoner. Ross v. Blake, 136 S. Ct. 1850, 1858 (2016). First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Id. "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." Id. Lastly, administrative

remedies are unavailable where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1860.

In the Report-Recommendation, Magistrate Judge Baxter addressed the unavailability of the grievance process and concluded "there is no indication on the record that the grievance process was unavailable to the plaintiff." Report-Rec. 10. Magistrate Judge Baxter detailed and rejected plaintiff's allegations that the process was unavailable due to lack of a translator and also rejected plaintiff's argument that the grievance process does not apply to the instant matter. Id. 11.

The Report-Recommendation did not (nor at first glance the summary judgment briefing) address CORC's fourteen month delay in rendering a decision on FKN-13836-17. Courts within this Circuit are split as to whether a delay by CORC constitutes unavailability that would excuse a plaintiff's failure to exhaust his administrative remedies. See Hayes v. Dahkle, No. 9:16-CV-1368, 2018 WL 7356343, at *9 (N.D.N.Y. Dec. 11, 2018), report-recommendation and order adopted by, 2019 WL 689234 (N.D.N.Y. Feb. 19, 2019) (McAvoy, S.J.) (analyzing Second Circuit split). Courts within this District have found that a delay by CORC does not constitute a basis on which to excuse a plaintiff's failure to exhaust. See, e.g., Casey v. Brockley, No. 9:13-CV-01271, 2015 WL 8008728, at *6 (N.D.N.Y. Nov. 9, 2015), report-recommendation and order adopted by, 2015 WL 7864161 (N.D.N.Y. Dec. 3, 2015) ("CORC's failure to act within the time frame set out in the regulations does not constitute a special circumstance justifying the failure to exhaust."); Ford v. Smith, No. 9:12-CV-1109, 2014 WL 652933, at *3 (N.D.N.Y. Feb. 19, 2014) (McAvoy, S.J.) (concluding that CORC's six month delay in responding to his appeal did not render the grievance process unavailable).

- 3 -

There is no need to decide whether CORC's fourteen month delay in this case rendered the grievance process unavailable to plaintiff. This is not a case where the plaintiff "'appealed every grievance in this instant matter to the CORC,' and after CORC failed to respond within the thirty-day time frame, he 'didn't know what else to do.'" Hayes, 2018 WL 7356343, at *9; see also Peoples v. Fischer, No. 11 Civ. 2694, 2012 WL 1575302, *6 (S.D.N.Y. 2012) reconsideration granted in part, 898 F. Supp. 2d 618 (S.D.N.Y. 2012) ("When a prisoner complies with all of the administrative requirements and makes a good-faith effort to exhaust, he should not be denied the opportunity to pursue his grievance in federal court simply because the final administrative decision maker has neglected to issue a final administrative decision."). Nor is this a case

> where the plaintiff had taken all steps he could to fulfill the last step of the appeal process; where CORC had neglected to respond, not just during the thirty day time limit, but for a period of numerous months thereafter; where CORC had further neglected to respond when Plaintiff wrote to CORC regarding the status of his appeal; and where CORC had only ultimately decided the appeal a year later, after the present [motion] had been filed.

High v. Switz, No. 9:17-CV-1067, 2018 WL 3736794, at *5 (N.D.N.Y. July 9, 2018), report-recommendation and order adopted by, 2018 WL 3730175 (N.D.N.Y. Aug. 6, 2018) (Kahn, J.).

Instead, on November 13, 2017, in grievance FKN-13836-17 and subsequent addendums to that grievance, plaintiff complained of his medical care in regard to cancer treatment and for the first time made an allegation about falsified documents by staff stating he had no cancer.[1] On November 16, 2017, the Inmate Grievance Resolution Committee

---

[1] At the time he filed FKN-13836-17, plaintiff was housed at Franklin Correctional Facility, though the grievance expressed plaintiff's complaints regarding his medical care at both Clinton Correctional
(continued...)

("IGRC") responded in writing to grievance FKN-13836-17.  Plaintiff appealed the IGRC decision to the Superintendent on November 16, 2017.[2]

Plaintiff initiated this action on November 27, 2017.  Prior to that date, the Superintendent had not yet issued a response on grievance FKN-13836-17 and therefore plaintiff could not yet have appealed the Superintendent's decision to CORC, nor obviously received any decision from CORC.  On November 30, 2017, after plaintiff filed the instant Complaint, the Superintendent responded to plaintiff's appeal, finding his claims to be without merit.  On December 1, 2017, plaintiff appealed the Superintendent's decision to CORC, and as discussed above, CORC issued its decision on February 13, 2019.

As Magistrate Judge Baxter explained in the Report-Recommendation, plaintiff did not fully exhaust his administrative remedies prior to commencing this action because he filed his federal complaint before completing the DOCCS grievance process.  Any delay by CORC in responding to plaintiff's last level of appeal is irrelevant to whether the grievance process was unavailable to plaintiff at the time he filed this suit.  This is not a situation where plaintiff filed his federal complaint while waiting months for CORC's response.  To the contrary, the IGRC's and the Superintendent's responses to grievance FKN-13836-17 were timely, and plaintiff had not yet even appealed the relevant grievance to CORC at the time of filing this action.

---

[1](...continued)
Facility and Franklin Correctional Facility.

[2] Plaintiff thereafter filed additional grievances regarding his medical care and treatment, which were filed as addendums to pending grievance FKN-13836-17 and which are detailed in the Report-Recommendation.

Plaintiff has made no other nor new arguments regarding why or how the grievance procedures were unavailable to him at the time he filed this suit. Any efforts plaintiff may have made since the filing of his Complaint, including his subsequent and timely appeal to CORC, do not cure his failure to exhaust because the PLRA requires that administrative remedies be exhausted before commencing a lawsuit. Therefore, nothing in plaintiff's objections or his motion to amend change the fact that plaintiff failed to exhaust his administrative remedies at the time he brought suit. Moreover, plaintiff's motion to amend fails to comply with Northern District of New York Local Rule 7.1(a)(4) which requires a party moving to amend to attach an unsigned copy of the proposed amended pleading to its motion papers.

Therefore, based upon a de novo review of the portions of the Report-Recommendation to which plaintiff objected, the Report-Recommendation is accepted and adopted in all respects. See 28 U.S.C. § 636(b)(1). Plaintiff's motion to amend will be denied both for his failure to comply with the Local Rules and also because there are no set of facts that could cure the instant basis for dismissal.

Therefore, it is

ORDERED that

1. Defendants' motion for summary judgment is GRANTED;

2. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE;

3. Plaintiff's motion to amend, ECF No. 36, is DENIED; and

4. The Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 1, 2019
       Utica, New York.